UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN K PATTEE,

    Plaintiff,

    v.

NEXUS RVS LLC,

    Defendant.

Case No. 3:19-CV-162-CCB

## OPINION AND ORDER

Before the Court is Plaintiff John K. Pattee's Motion for Attorneys' Fees, Costs, and Expenses. (ECF 244). Defendant Nexus RVs, LLC ("Nexus") opposes this motion. (ECF 251). The Court grants Mr. Pattee's fee petition in part and denies it in part.

## I.    RELEVANT BACKGROUND

This case was filed on September 28, 2018, and tried by jury in June 2025. The jury returned a verdict in Mr. Pattee's favor, finding that he was entitled to revoke his acceptance of his 2018 Nexus Phantom RV and that he was entitled to recover $209,320.56. (ECF 233). Because Mr. Pattee prevailed on his claim under the Magnuson-Moss Warranty Act ("MMWA"), he is permitted to "recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on the actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution" of his case, unless this Court "in its discretion shall determine that such an award of attorneys' fees would be inappropriate." 15 U.S.C. § 210(d)(2). Mr. Pattee seeks an

award of $445,346.30 for his attorney fees and litigation costs. (ECF 254). Nexus objects, seeking a reduction of Mr. Pattee's award to $369,868.66. (ECF 251). In support, Nexus argues that Mr. Pattee's attorneys' hourly rates are unreasonable and their request for a retroactive increase in those hourly rates given the pendency of this case is inappropriate.

## II.   ANALYSIS

To determine appropriate attorneys' fees in this case, courts employ the lodestar method, calculating fees by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly rate is "derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003). To establish this, the burden rests on the fee applicant to produce evidence, in addition to the attorneys' own affidavits, "that the requested rates are in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). If the applicant meets this standard, then the burden shifts to the other party to offer evidence that shows "a good reason why a lower rate is essential." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir. 1996). But if the applicant fails, the district court may "make its own determination of a reasonable rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (internal citation omitted). Once the lodestar has been established, the district court may adjust it to account for other factors not included in setting the lodestar. *See id.* "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Id.*

2

When attorneys employ a contingent fee arrangement, it can be harder to determine those attorneys' market rates for purposes of the lodestar. The Seventh Circuit has advised courts considering a fee application from attorneys who worked on a contingency basis to look for two types of evidence in particular: (1) the "rates similarly experienced attorneys in the community charge paying clients for similar work," and (2) "evidence of fee awards the attorney[s] ha[ve] received in similar cases." *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999). Both types of evidence will aid the determination, but of the two, "third party affidavits that attest to the billing rates of comparable attorneys" are preferable. *Pickett*, 664 F.3d at 640 (internal citation omitted).

### a. Hourly Rates

Mr. Pattee argues that the following hourly rates are appropriate for his attorneys:

| Timekeeper | Position | Rate |
|---|---|---|
| Ronald Burdge | Attorney | $525 (2019–2023) $565 (2024) |
| Elizabeth Wells | Attorney | $325 (2019–2020) $350 (2021–2022) $375 (2023) $450 (2024–2025) |
| Scarlett Steuart | Attorney | $225 (2019–2021) $265 (2022) $325 (2023) $395 (2024–2025) |
| Joseph Matte | Attorney | $225 |
| Matthew Stubbs | Attorney | $345 |
| Natalie Kreutz | Attorney | $150 |
| Alana James | Paralegal | $125 (2021) $135 (2022) $140 (2023) |

| | | $170 (2024–2025) |
|---|---|---|
| Jessica Palmer | Paralegal | $155 |
| Katy Stover | Paralegal | $125 |
| Tammy Moore | Paralegal | $100 |
| Karla Loja | Paralegal | $85 |
| Whitney Whitener | Paralegal | $75 |
| Linda Montgomery | Business/Settlement Manager | $115 |

(ECF 245 at 11-12). In support, he points the Court to his attorneys' experience in this type of litigation, their rates billed to paying clients, past fee awards, affidavits submitted by Mr. Pattee from his attorneys and a third-party consumer attorney, the United States Consumer Law Attorney Fee Survey Report (2017–2018), and the professional accolades of his attorneys. He also requests that all timekeepers recover at their current hourly rates for all hours worked throughout the case to account for inflation.

Nexus responds that the rates Mr. Pattee seeks are inappropriate because they "greatly exceed[] the market area median of $325.00 per hour." (ECF 251 at 4). It seeks reduction of the rates of Attorney Burdge, Attorney Wells, Attorney Steuart, and Paralegal James in the following amounts:

| Timekeeper | Position | Rate |
|---|---|---|
| Ronald Burdge | Attorney | $413 |
| Ronald Burdge | Expert | $413 |
| Elizabeth Wells | Attorney | $350 |
| Scarlett Steuart | Attorney | $325 |
| Alana James | Paralegal | $134 |

(ECF 251 at 5–6). It also objects to Mr. Pattee's request that his timekeepers recover all reasonable hours worked throughout the case at their current billable rates to account

for inflation. But it does not object to the rates of any timekeepers besides those reflected in the chart above.

The Court will first address the timekeeper rates to which Nexus does not object: Attorneys Matte, Stubbs, and Kreutz; Paralegals Palmer, Stover, Moore, Loja, and Whitener; and Business/Settlement Manager Linda Montgomery. Of the three attorneys, only Attorney Stubbs exceeds the $325 median hourly rate for consumer law attorneys in the South Bend-Elkhart-Mishawaka area based on the consumer law fee survey submitted by Mr. Pattee. (ECF 245-20 at 3). As Mr. Pattee points out in his reply brief, that survey is roughly eight years old. (ECF 254 at 2). Though Mr. Pattee bears the burden of establishing that the rates sought by his attorneys are reasonable, these attorney rates are not out of step with the local market or his attorneys' experience level. Nor are the rates sought by Mr. Pattee's attorneys' staff. As Mr. Pattee has presented affidavits and other evidence to support the reasonableness of these rates and Nexus has no objection, the Court finds that these timekeeper rates are reasonable.

Nexus does object to the rates sought by Attorneys Burdge, Wells, and Steuart. It argues that the rates sought by Attorneys Burdge and Wells exceed the seventy-fifth percentile rates for the market based on the survey submitted by Mr. Pattee. (ECF 245-20). It also points to the fact that a rate awarded to Attorney Wells as recently as 2022 was $350 an hour, (ECF 245-1 ¶ 37), a rate substantially lower than the $450-an-hour rate Mr. Pattee seeks for her in 2024 and 2025.

Mr. Pattee's survey is eight years out of date and is therefore of questionable value when it comes to showing what a current reasonable rate for this market is. But

Attorneys Wells and Steuart seek rates near the survey median of $325 during 2019, the first year they worked on this case (though the rates they seek increase substantially in the intervening six years). Only the rate sought by Mr. Burdge exceeds the seventy-fifth percentile for 2017–2018. But Mr. Pattee has submitted an affidavit by Attorney Russell Thompson, a consumer lawyer with experience litigating in this market, who states his opinion that the rates sought by Attorneys Burdge, Wells, and Steuart are all reasonable for their services in this matter during the relevant years, other than the 2024 rate for Attorney Wells. (ECF 245-18 ¶¶ 12, 13, 15). Mr. Pattee has also submitted affidavits from Attorneys Burdge and Wells in which both state their opinion that the hourly rates sought by the other and by Attorney Steuart is at or below the reasonable rate at the relevant time for their services in this market. (ECF 245-1; ECF 245-17). And he has submitted curricula vitae for all three attorneys in which they list various honors and recognitions.

Though none of this evidence fits precisely within the categories prioritized by the Seventh Circuit, it is sufficient to show the reasonableness of all but one of the rates sought. The affidavits of the attorneys themselves, though useful, must join some additional evidence. *See Blum*, 465 U.S. at 895 n.11. But past fee awards, evidence of prevailing market rates in 2017–2018, and the affidavit of Attorney Thompson are enough to show the reasonableness of most of these rates. The exception is Attorney Wells. The affidavit submitted by Attorney Thompson states his opinion that a rate of $425 an hour is a reasonable rate for Attorney Wells in 2024, but Mr. Pattee seeks $450 an hour for her during that year. (ECF 245-18 ¶ 12). The opinion of Attorney Thompson,

6

as a third party and the only affiant not part of Mr. Pattee's legal team, is particularly credible. Thus, the Court finds that Mr. Pattee has not met his burden to show that $450 an hour is reasonable for Attorney Wells in 2024. Considering the affidavit of Attorney Thompson, as well as the other evidence discussed, the Court finds that a reasonable hourly rate for Attorney Wells in 2024 is $425 an hour. Otherwise, the Court finds that Mr. Pattee has met his burden to show that the fees he seeks are reasonable. Thus, the burden shifts to Nexus to show "why a lower rate is essential." *See People Who Care*, 90 F.3d at 1313.

Nexus fails to do so. The main thrust of its argument is that Attorneys Burdge, Wells, and Steuart all seek rates in dramatic excess of market medians. This contention appears to be based on a misunderstanding of the consumer law fee survey submitted by Mr. Pattee. (ECF 245-20). Though the fee survey lacks a cover page, title, or any indication on its face that it is from 2017 through 2018, Mr. Pattee repeatedly refers and cites to it as the "United States Consumer Law Attorney Fee Survey, 2017–2018" in his opening brief.[1] (*See, e.g.*, ECF 245 at 5, 10, 12). So the rates reflected in the survey are not local market rates for 2024 through 2025, as Nexus appears to believe, but rates from some eight years before that period. Nexus also argues that the $100 increase in Attorney Wells's rate between 2022 and 2024 is excessive. As discussed, Attorney Thompson's affidavit supports this for 2024, but not for 2025. Otherwise, the only

---

[1] Nexus acknowledges that the survey is from 2017 through 2018 on page 3 of its response brief. This makes Nexus's argument that the rates sought for Attorneys Wells and Burdge exceed the seventy-fifth percentile in this market for 2024 through 2025 all the more confusing as it does not appear that either party has introduced evidence of the prevailing rate at any percentile during that period.

evidence that Nexus offers in support of its contentions is the affidavit of its own attorney. (ECF 251-1). Like the affidavits of Attorneys Wells and Burdge, it has evidentiary value, but less than that of an attorney like Attorney Thompson who is not a member of either party's legal team.

Next, Mr. Pattee asks that the Court award his attorneys their hourly rate for 2025 in each of the years they worked on this case. In support, he briefly cites *Spina v. Forest Pres. Dist.*, 2002 U.S. Dist. LEXIS 16005, *5–14 (N.D. Ill. 2002) for the proposition that "when rates change over the passage of time in a case, the attorney for the prevailing party is entitled to be paid at his or her current hourly rate to account for inflation." (ECF 245 at 22). In *Spina*, though, the District Court's decision was influenced by the failure of the losing party to identify evidence of an appropriate rate for the prevailing party's attorney during prior years, and by the unprecedented success of the prevailing party's attorney in the face of borderline misconduct by the defense. *See Spina*, 2002 U.S. Dist. LEXIS 16005, at *5–14. Here, though Mr. Pattee argues that Nexus put up a "strong" defense, Mr. Pattee fails to identify common elements between this case and *Spina* that would justify such an increase. (ECF 245 at 20). In fact, he offers little argument beyond the case citation. Furthermore, Mr. Pattee himself introduces a consumer law fee survey that serves as evidence of prevailing rates in the community, so there is no absence of such evidence here. Accordingly, the Court finds that a rate increase based on interest or inflation is not merited here.

Nexus also seeks a specific decrease of Attorney Burdge's rate as an expert. The Court will address Mr. Burdge's expert fee when it addresses the costs sought by Mr.

Pattee. Thus, the Court sets the lodestar rates for Mr. Pattee's attorneys at the rates he proposes, with the exception that Attorney Wells's 2024 rate is decreased to $425 an hour.

### b. Hours Expended

Mr. Pattee argues that the following hours expended are reasonable for the work his attorneys did on his case:

| Timekeeper | Position | Rate | Total Billable Hours | Total Fees |
|---|---|---|---|---|
| Ronald Burdge | Attorney | $525 (2019–2023) $565 (2024) | 2.30 | $1,215.50 |
| Elizabeth Wells | Attorney | $325 (2019–2020) $350 (2021–2022) $375 (2023) $450 (2024–2025) | 645.40 | $246,825.00 |
| Scarlett Steuart | Attorney | $225 (2019–2021) $265 (2022) $325 (2023) $395 (2024–2025) | 182.90 | $64,641.50 |
| Joseph Matte | Attorney | $225 | 8.60 | $1,935.00 |
| Matthew Stubbs | Attorney | $345 | 14.40 | $4,968.00 |
| Natalie Kreutz | Attorney | $150 | 9.10 | $1,365.00 |
| Alana James | Paralegal | $125 (2021) $135 (2022) $140 (2023) $170 (2024–2025) | 30.50 | $4,684.00 |
| Jessica Palmer | Paralegal | $155 | 3.00 | $465.00 |
| Katy Stover | Paralegal | $125 | 6.90 | $862.50 |
| Tammy Moore | Paralegal | $100 | 0.60 | $60.00 |
| Karla Loja | Paralegal | $85 | 3.50 | $297.50 |
| Whitney Whitener | Paralegal | $75 | 0.30 | $22.50 |
| Linda Montgomery | Business/ Settlement Manager | $115 | 0.70 | $80.50 |

(ECF 245 at 15). In support, Mr. Pattee attaches time records for his timekeepers and an affidavit from Attorney Wells stating her opinion that each attorney and Paralegal James expended a reasonable amount of time on this case, and that Attorney Wells exercised billing discretion by reducing various time entries to "no charge," including time spent briefing claims that did not survive summary judgment. (ECF 245-1). Nexus does not object to the hours expended by any of Mr. Pattee's timekeepers.

Mr. Pattee also seeks to recover fees paid to his former attorney Rameez Dossani. He states that Attorney Dossani represented him in this case when it was pending in Florida between 2018 and 2019. Attorney Dossani charged a rate of $200 an hour, and billed Mr. Pattee for 58.9 hours of work. (ECF 245-23). Mr. Pattee paid Attorney Dossani $12,724.39 in legal fees, which covered Attorney Dossani's time and costs. (*Id.*). Attorney Wells's affidavit states her opinion that this rate is reasonable and the fees charged by Attorney Dossani were reasonable. (ECF 245-1 ¶ 57). Mr. Pattee seeks to recover $6,831.36 of those fees, supporting this request with Attorney Dossani's detailed time and costs records, Attorney Wells's affidavit, and the consumer law fee survey, which shows that Mr. Dossani's rate of $200 an hour was less than the Florida average for his level of experience. (ECF 245-1; ECF 245-20; ECF 245-23). Nexus does not object.

Mr. Pattee has submitted detailed time records for the work done by each of his timekeepers on this case and has supported those time records with the affidavit of Attorney Wells, the attorney in charge of compiling fee records. (ECF 245-1; ECF 245-9; ECF 245-10; ECF 245-11; ECF 245-12; ECF 245-13; ECF 245-14; ECF 245-15; ECF 245-23). Nexus does not object to the hours submitted, nor to the rate charged by Attorney

Dossani. Accordingly, the Court finds that these hours are reasonable and that Attorney Dossani's rate is reasonable.

Having determined that the rates sought by Mr. Pattee are reasonable save for Attorney Wells' 2024 rate, and that the hours expended by Mr. Pattee's timekeepers are reasonable, the Court follows the lodestar method of multiplying reasonable rates by reasonable hours, and finds that the following fees are appropriate in this case for work accomplished before June 9, 2025. Changes from Mr. Pattee's proposed fees are in boldface.

| Timekeeper | Position | Rate | Total Billable Hours | Total Fees |
|---|---|---|---|---|
| Ronald Burdge | Attorney | $525 (2019–2023)<br>$565 (2024) | 2.30 | $1,215.50 |
| Elizabeth Wells | Attorney | $325 (2019–2020)<br>$350 (2021–2022)<br>$375 (2023)<br>**$425 (2024)**<br>**$450 (2025)** | 645.40 | - |
| Scarlett Steuart | Attorney | $225 (2019–2021)<br>$265 (2022)<br>$325 (2023)<br>$395 (2024–2025) | 182.90 | $64,641.50 |
| Joseph Matte | Attorney | $225 | 8.60 | $1,935.00 |
| Matthew Stubbs | Attorney | $345 | 14.40 | $4,968.00 |
| Natalie Kreutz | Attorney | $150 | 9.10 | $1,365.00 |
| Alana James | Paralegal | $125 (2021)<br>$135 (2022)<br>$140 (2023)<br>$170 (2024–2025) | 30.50 | $4,684.00 |
| Jessica Palmer | Paralegal | $155 | 3.00 | $465.00 |
| Katy Stover | Paralegal | $125 | 6.90 | $862.50 |
| Tammy Moore | Paralegal | $100 | 0.60 | $60.00 |
| Karla Loja | Paralegal | $85 | 3.50 | $297.50 |
| Whitney Whitener | Paralegal | $75 | 0.30 | $22.50 |

| Linda Montgomery | Business/ Settlement Manager | $115 | 0.70 | $80.50 |
|---|---|---|---|---|
| Rameez Dossani | Attorney (Florida) | $200 | 58.9 | $6,831.36 (inclusive of costs) |

Because Mr. Pattee sought the same hourly rate for Attorney Wells in 2024 and 2025, he does not differentiate between her total hours in 2024 and her total hours in 2025 in his fee and cost summary. (ECF 245-8). Accordingly, Mr. Pattee is directed to prepare a new fee and cost summary that provides separate hourly totals for Attorney Wells in 2024 and 2025.

### c. Costs

Mr. Pattee seeks $37,103.30 in litigation costs, including expert costs for RV inspector Dennis Bailey. He supports this request with cost records and Attorney Wells's affidavit. (ECF 245-1; ECF 245-16). Nexus does not object to these costs. Mr. Pattee seeks an additional $11,240.00 for reimbursement of Attorney Burdge's expert fees. Nexus purports to object to this amount, but the amount Nexus proposes instead is $11,894. (ECF 251 at 5). As this amount exceeds the amount proposed by Mr. Pattee, the Court does not treat Nexus as offering any objection to the sum sought by Mr. Pattee. Lastly, Mr. Pattee seeks Attorney Dossani's costs. Attorney Dossani's costs are supported by detailed entries interspersed with his time records, and Nexus does not object. (ECF 245-23). Because Mr. Pattee's costs request is supported by detailed records and Attorney Wells's affidavit, and Nexus does not object, the Court finds that the costs Mr. Pattee seeks are reasonable.

12

### d. Additional Fees

Mr. Pattee also seeks $15,975.00 in attorneys' fees for hours expended preparing this fee petition. Parties entitled to fees may also seek "legal expenses incurred in obtaining an award of fees for success on the merits." *Robinson v. City of Harvey, Ill.*, 617 F.3d 915, 917 (7th Cir. 2010). Mr. Pattee supports this fee request with the same evidence that supported his request for fees prior to June 9, 2025, and Nexus does not object. Mr. Pattee also explains that his counsel attempted repeatedly to discuss this fee petition with Nexus's counsel and secure stipulations, but Nexus's counsel never responded. (ECF 245 at 21–22). Nexus does not contradict this account, instead offering the explanation that Nexus's counsel was transitioning to solo practice during the relevant period. (ECF 251 at 4 n.2). Nexus also does not object to reasonableness of the fees sought for preparation of the fee petition. Based on the evidence that these fees are based on reasonable rates for reasonable hours and Nexus's admission that it did not respond to Mr. Pattee's efforts to secure fees without additional litigation, the Court finds that this fee award is reasonable.

Mr. Pattee also seeks an additional $3,600 for the eight hours Attorney Wells spent drafting his reply to Nexus's opposition to his fee petition. The Court has determined that $450 an hour is a reasonable rate for Attorney Wells in 2025. Thus, $3,600 is a reasonable sum for eight hours of Attorney Wells's work in 2025.

### III.  CONCLUSION

Thus, Court finds all rates sought by Mr. Pattee to be reasonable excepting Attorney Wells's 2024 rate for the reasons discussed above. The Court also finds all

hours expended and all costs sought by Mr. Pattee to be reasonable. And the Court finds that the fees and costs sought by Mr. Pattee for the work done by Attorney Dossani are also reasonable. But the Court declines to award fees at Mr. Pattee's attorneys' current rates for all years worked on this litigation. Fees will be awarded based on the year-by-year hourly rates proposed by Mr. Pattee for his attorneys, with the exception that Attorney Wells will be awarded fees for 2024 based on a rate of $425 an hour.

Accordingly, Mr. Pattee's fee petition, (ECF 244), is **GRANTED IN PART** and **DENIED IN PART.** Mr. Pattee is **DIRECTED** to file, no later than **March 30, 2026**, an updated version of the Fee and Cost Summary he filed with his fee petition, (ECF 245-8), that provides the Court with the total hours Attorney Wells worked on this matter in 2024 and 2025 separately. At that point, the Court will enter an order awarding fees and costs.

SO ORDERED on March 17, 2026.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

14